# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, TRUSTEE for CARLSBAD FUNDING MORTGAGE TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>KAREN M. BROUSSEAU, in her capacity as Personal Representative of the ESTATE OF SUSANNE B. BROUSSEAU,<br><br>     Defendant,<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for FIRST NATIONAL BANK OF ARIZONA,<br><br>     Party-in-Interest. | Case No. _____<br><br>**COMPLAINT FOR FORECLOSURE**<br><br>**(Title to Real Estate Involved)**<br><br>**6 Michaud Ave., Old Orchard Beach, ME**<br><br>**York County Registry of Deeds Book 15067, Page 391** |

## COMPLAINT

Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Trustee for Carlsbad Funding Mortgage Trust ("Wilmington Savings"), by and through undersigned counsel, complains as follows:  In support of its request, U.S. Bank states as follows:

### PARTIES

1.     Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Trustee for Carlsbad Funding Mortgage Trust is a Delaware corporate trust with a principal place of business in Irvine, California.

2.     Defendant Karen M. Brousseau, in her capacity as the Personal Representative of the Estate of Susanne B. Brousseau, duly appointed by the Probate Court of the State of Maine

under Docket No. 2008-0717.  Upon information and belief, Karen M. Brousseau resides in Old

Orchard Beach, County of York, State of Maine.

3.      Party-in-Interest Federal Deposit Insurance Corporation ("FDIC") is an

independent agency of the federal government.  On July 25, 2008, the FDIC accepted an

appointment as receiver for the First National Bank of Nevada.  As of June 30, 2008, First

National Bank of Arizona merged with First National Bank of Nevada.

## JURISDICTION & VENUE

4.      Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction insofar as

the parties are citizens of different States and the amount in controversy exceed the sum or value

of $75,000 exclusive of interests and costs.

5.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the District of Maine

insofar as the mortgaged premises is located in the County of York, State of Maine.

## FACTUAL BACKGROUND

6.      On May 15, 1987, Ernest A. Brousseau and Susanne B. Brousseau obtained title

as joint tenants to the real property commonly known as 6 Michaud Avenue, Old Orchard Beach,

Maine (the "Property") by virtue of a warranty deed recorded in the York County Registry of

Deeds (the "Registry") in Book 4291, Page 46.

7.      In March 1992, Ernest A. Brousseau died leaving Susanne B. Brousseau as the

surviving joint tenant.

8.      On January 17, 2007, Susanne B. Brousseau executed a promissory note in favor

of First National Bank of Arizona in the original amount of $156,689.00 (the "Note").  A copy of

the Note is attached hereto as **Exhibit A**.

9.      To secure the Note, on January 17, 2007, Susanne B. Brousseau executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First National Bank of Arizona encumbering the Property and recorded in the Registry in Book 15067, Page 391 (the "Mortgage").  A copy of the Mortgage is attached hereto as **Exhibit B**.

10.     The Note is specifically endorsed to Wilmington Savings.  Ex. A.

11.     Wilmington Savings certifies that it is the holder of the Note and in possession of the original.  Ex. A.

12.     Effective June 30, 2008, First National Bank of Arizona merged into First National Bank of Nevada.

13.     In July 2008, the Office of the Comptroller of the Currency appointed, and the FDIC accepted said appointment as Receiver of the First National Bank of Nevada.  A copy of the Receivership documentation is attached hereto as **Exhibit C**.

14.     In August 2008, Susanne B. Brousseau died.

15.     On September 19, 2008, the Probate Court for the State of Maine appointed Karen M. Brousseau personal representative of the Estate of Susanne B. Brousseau under Docket No. 2008-0717.  A copy of the Certificate and Abstract identify the appointment is attached hereto as **Exhibit D**.

16.     On January 29, 2009, MERS, as nominee for First National Bank of Arizona assigned the Mortgage to JPMorgan Chase Bank, N.A. by virtue of an Assignment of Mortgage recorded in the Registry in Book 15567, Page 902.

17.     On September 10, 2014, MERS, as nominee for First National Bank of Arizona assigned the Mortgage to JPMorgan Chase Bank, N.A. by virtue of a Maine Assignment of Mortgage recorded in the Registry in Book 16896, Page 765.

18.     On December 12, 2014, JPMorgan Chase Bank, N.A. assigned the Mortgage to Federal National Mortgage Association by virtue of a Maine Assignment of Mortgage recorded in the Registry in Book 17020, Page 384.

19.     On June 2, 2016, Federal National Mortgage Association assigned the Mortgage to Wilmington Savings by virtue of an Assignment of Mortgage recorded in the Registry in Book 17277, Page 515.

20.     On August 2, 2019, the FDIC, as Receiver for First National Bank of Nevada, Reno, NV f/k/a First National Bank of Arizona assigned the Mortgage to Wilmington Savings by virtue of an Assignment and Transfer of Lien recorded in the Registry in Book 18013, Page 386 ("FDIC Assignment").  A copy of the FDIC Assignment is attached hereto as **Exhibit E**.

21.     The Note is in default for failure to make the monthly payment due under the Note beginning February 1, 2011.

22.     By letter dated August 11, 2017, Wilmington Savings provided a notice of mortgagor's right to cure pursuant to 14 M.R.S. § 6111.  A copy of the Default Notice is attached hereto as **Exhibit F**.[1]

23.     To the extent necessary, Wilmington Savings certifies that all steps mandated by law to provide notice to Chapman pursuant to 14 M.R.S § 6111 were strictly performed.

24.     Upon information and belief, Karen M. Brousseau is not in the active military.

25.     On January 17, 2007, Susanne B. Brousseau executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First National Bank of Arizona encumbering the Property and recorded in the Registry in Book 15067, Page 410 (the "Second Mortgage").

---

[1] Pursuant to 14 M.R.S. § 6111, a mortgagor is only entitled to notice when the subject property is occupied as a primary residence.  Wilmington Savings contends that § 6111 is inapplicable.  To the extent, however, that the Court determines § 6111 is applicable, Wilmington Savings issued the notice.

26.    The default has not been cured.

27.    As of February 28, 2020, there is due from the Estate to Wilmington Savings the sum of $148,963.96 in principal, $87,571.05 in accrued interest, $390.00 in late charges, $15,012.00 in hazard insurance, $22,059.99 in real estate taxes, and $14,089.48 in corporate advances (e.g. property inspection and attorneys' fees/costs).

28.    As of February 28, 2020, a total of $289,841.16 is owed under the Note.

29.    Interest continues to accrue on the amounts owed under the Note.

30.    Party-in-Interest FDIC may assert an interest in the Property by virtue of a mortgage granted by Susanne B. Brousseau in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First National Bank of Arizona dated January 17, 2007 and recorded in the Registry in Book 15067, Page 410.

## COUNT I — FORECLOSURE (14 M.R.S. § 6321)

31.    Wilmington Savings repeats and re-alleges the allegations set forth in the paragraphs above as if fully set forth herein.

32.    Susanne B. Brousseau executed the Note.

33.    To secure the Note, Susanne B. Brousseau executed the Mortgage.

34.    Susanne B. Brousseau died.

35.    Karen M. Brousseau is the duly appointed Personal Representative of the Estate of Susanne B. Brousseau.

36.    The Estate of Susanne Brousseau is in default of its obligations under the Note and Mortgage by failure to make payment.

37.    Wilmington Savings has made demand upon the Estate of Susanne B. Brousseau which has not been cured.

38.     As of February 28, 2020, there is due from the Estate to Wilmington Savings the sum of $148,963.96 in principal, $87,571.05 in accrued interest, $390.00 in late charges, $15,012.00 in hazard insurance, $22,059.99 in real estate taxes, and $14,089.48 in corporate advances (e.g. property inspection and attorneys' fees/costs).

39.     As of February 28, 2020, a total of $289,841.16 is owed under the Note.

40.     Interest continues to accrue on the amounts owed under the Note.

41.     Wilmington Savings is entitled to a judgment of foreclosure and order of sale.

## REQUEST FOR RELIEF

Based on the foregoing, Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Trustee for Carlsbad Funding Mortgage Trust demands judgment against Defendant on its foreclosure action for all amounts due under the Note and the Mortgage; to establish such priorities as may be proved; a judgment of foreclosure and sale of the premises; for interests, costs, and reasonable attorneys' fees; and such other, further relief as the Court deems just and proper.

Dated:  March 17, 2020                         Respectfully submitted,

                                               /s/ Adam J. Shub
                                               Adam J. Shub, Esq. Bar No. 4708
                                               *Attorney for Plaintiff*
                                               Wilmington Savings Fund Society, FSB, d/b/a
                                               Christiana Trust, Trustee for Carlsbad
                                               Funding Mortgage Trust

PRETI FLAHERTY, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
ashub@preti.com