UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, TRUSTEE for CARLSBAD FUNDING MORTGAGE TRUST,<br><br>   Plaintiff<br><br> v.<br><br>KAREN M. BROUSSEAU, Personal Representative of the ESTATE OF SUSANNE B. BROUSSEAU,<br><br>   Defendant<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver for FIRST NATIONAL BANK OF ARIZONA,<br><br>   Party-in-Interest | No. 2:20-cv-00101-LEW |

## **ORDER**

   This civil action began when Christiana Trust filed a complaint for foreclosure two months after it assigned the Defendant's mortgage note to U.S. Bank National Association as Trustee for the RMAC TRUST, SERIES 2016-CTT. Given that Christiana Trust lacked standing to foreclose the mortgage note, Defendant Karen Brousseau, Personal Representative of the Estate of Susanne Brousseau, filed a motion to dismiss the case and for an award of attorney fees. Motion to Dismiss and for Award of Attorney Fees (ECF

No. 11). Christiana Trust filed a motion to amend, seeking to substitute the party that currently holds the mortgage note. Motion for Leave to Amend (ECF No. 16).

Pursuant to Rule 17: "The Court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). According to the proposed amended complaint, filed on behalf of Christiana Trust, the real party in interest is U.S. Bank National Association as Trustee for the RMAC TRUST, SERIES 2016-CTT. Am. Compl. (ECF No. 16-1). The proposed amended complaint is signed by counsel, *as attorney for U.S. Bank National Association*. Although U.S. Bank National Association did not file a motion to join or substitute, I granted the motion to amend because the proposed amended complaint was signed by counsel for U.S. Bank. Of course, it would have been better practice for U.S. Bank to file a motion to join or substitute, but the presentation of a signed pleading on its behalf is adequate, in my view, on Rule 1 grounds alone.

Because the new pleading removes Wilmington from the case, Defendant's Motion to Dismiss Wilmington's foreclosure claim is **GRANTED**. Karen Brousseau requests an award of attorney fees pursuant to 14 M.R.S. § 6101, which reads: "If the mortgagee does not prevail, or upon evidence that the action was not brought in good faith, the court may order the mortgagee to pay the mortgagor's reasonable court costs and attorney's fees incurred in defending against the foreclosure or any proceeding within the foreclosure action …." Christiana Trust not only failed to prevail on its contention that it had the right to foreclose, but failed in the most fundamental sense, being unable to show that it held the

mortgage note. Considering the circumstances, I find Plaintiff is entitled to an award pursuant to section 6101, and that ample opportunity remains, *see* D. Me. Loc. R. 54.2, for Defendant to substantiate the fee request. However, because the motion now before me does not contain the evidence required to substantiate the award, the pending request for attorney fees is denied without prejudice. *See* D. Me. Loc. R. 7(a) ("Any affidavits and other documents setting forth or evidencing facts on which the motion is based must be filed with the motion.").

Defendant's Motion to Dismiss Wilmington's claim is **GRANTED**. Defendant's Motion for Award of Attorney Fees is **DENIED WITHOUT PREJUDICE**. The matter will proceed on the amended complaint with U.S. Bank National Association as the named Plaintiff.

**SO ORDERED.**

Dated this 2nd day of September, 2020.

                                            /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE