UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as Trustee for the RMAC TRUST, SERIES 2016-CTT, | ) ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:20-cv-00101-LEW |
| KAREN M. BROUSSEAU, Personal Representative of the ESTATE OF SUSANNE B. BROUSSEAU, | ) ) ) ) | |
| Defendant | ) | |

**<u>ORDER</u>**

      This civil action began when Wilmington Savings Fund Society d/b/a Christiana Trust filed a complaint for foreclosure two months after it assigned the subject mortgage note to U.S. Bank National Association as Trustee for the RMAC TRUST, SERIES 2016-CTT.

      In my Order dated September 2, 2020, I concluded that Defendant Karen Brousseau is entitled to an award of attorney fees pursuant to 14 M.R.S. § 6101, for having to litigate the issue of the wrong party plaintiff filing suit, but I denied without prejudice her motion for fees because she did not support her motion with a showing of the fees and costs

incurred.[1] *See* D. Me. Loc. R. 7(a) ("Any affidavits and other documents setting forth or evidencing facts on which the motion is based must be filed with the motion.").

Ms. Brousseau has now submitted a fully formed motion for fees. She requests an award of $13,183.25 in fees and $21.40 in costs. Motion for Award of Attorney Fees (ECF No. 27). Wilmington has not opposed the motion. U.S. Bank National Association, in its capacity as trustee and substituted Plaintiff in the matter, has responded. It states that it does not object to approval of the motion but asks for 30 days to make payment. Pl.'s Limited Obj. (ECF No. 40).

Defendant Karen Brousseau's Motion for Award of Attorney Fees (ECF No. 27) is GRANTED in the amount of $13,183.25 in fees and $21.40 in costs, to be paid within 30 days on this Order.

**SO ORDERED.**

Dated this 10th day of November, 2020.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[1] Karen Brousseau requests an award of attorney fees pursuant to 14 M.R.S. § 6101, which reads: "If the mortgagee does not prevail, or upon evidence that the action was not brought in good faith, the court may order the mortgagee to pay the mortgagor's reasonable court costs and attorney's fees incurred in defending against the foreclosure or any proceeding within the foreclosure action …." Christiana Trust not only failed to prevail on its contention that it had the right to foreclose, but failed in the most fundamental sense, being unable to show that it held the mortgage note. Considering the circumstances, I find Plaintiff is entitled to an award pursuant to section 6101, and that ample opportunity remains, *see* D. Me. Loc. R. 54.2, for Defendant to substantiate the fee request.