UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, not in its individual capacity but solely as Trustee for the RMAC TRUST, SERIES 2016-CTT,<br><br>    Plaintiff,<br><br>v.<br><br>KAREN M. BROUSSEAU, in her capacity as Personal Representative of the ESTATE OF SUSANNE B. BROUSSEAU,<br><br>    Defendant,<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for FIRST NATIONAL BANK OF NEVADA,<br><br>    Party-in-Interest. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.  2:20-cv-00101-LEW** |

## JUDGMENT FOR FORECLOSURE AND ORDER OF SALE

(Title to Real Estate is Involved)
Book: 15067, Page 391
6 Michaud Avenue, Old Orchard Beach, Maine

    This Court enters this Judgment of Foreclosure and Order of Sale in favor of Plaintiff U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank") as follows.

    This Court finds that Defendant Karen M. Brousseau is the Personal Representative of the Estate of Susanne B. Brousseau, duly appointed by the Probate Court of the State of Maine under Docket No. 2008-0717 (the "Estate").

This Court finds that, on January 17, 2007, Susanne B. Brousseau executed a promissory note in favor of First National Bank of Arizona in the original amount of $156,689 (the "Note").

This Court finds that the Note is endorsed in blank.

This Court finds that U.S. Bank certified proof of ownership of the Note, endorsements of the Note, and produced evidence of the Note.

This Court finds that U.S. Bank is the owner of the Note and in possession of the original Note.

This Court finds that, to secure the Note, Susanne B. Brousseau executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First National Bank of Arizona encumbering the real property commonly known as 6 Michaud Avenue, Old Orchard Beach, Maine 04064 and recorded in the York County Registry of Deeds (the "Registry") in Book 15067, Page 391 (the "Mortgage").

This Court finds that U.S. Bank certified proof of ownership of the Mortgage and all assignments of the Mortgage.

This Court finds that U.S. Bank is the owner of the Mortgage.

This Court finds that U.S. Bank certified and provided evidence that all steps mandated by law to provide notice to the Estate pursuant to 14 M.R.S. § 6111 were strictly performed.

This Court finds that the Second Amended Complaint joined in this action all parties-in-interest in accordance with 14 M.R.S. § 6321.

This Court finds that Party-in-Interest Federal Deposit Insurance Corporation, as receiver for First National Bank of Nevada ("FDIC") is the mortgagee of record in accordance with 14 M.R.S. § 6321 with respect to the mortgage executed by Susanne B. Brousseau dated January 17, 2007 in favor of Mortgage Electronic Registration Systems, Inc., as nominee for First National

Bank of Arizona meaning and intending to encumber the Property and recorded in the Registry in Book 15067, Page 410 (the "Second Mortgage").[1] On January 4, 2021, this Court ordered entry of default against FDIC after FDIC was properly served with notice of this action. (Doc. 54). Accordingly, FDIC does not have any rights to potential excess proceeds in the event of a foreclosure sale.[2]

This Court finds a breach in the obligation to make payments under the Note and Mortgage.

This Court finds that, as of September 24, 2021, there is due from the Estate to U.S. Bank the sum of $148,963.96 in principal, $101,893.77 in accrued interest, $540.00 in late charges, $16,336.51 in hazard insurance, $28,264.53 in real estate taxes, and $51,937.46 in corporate advances for a total of $347,936.23. Interest shall continue to accrue in accordance with the terms of the Note (6.375%) in the per diem amount of $26.02.

This Court finds that U.S. Bank is entitled to fees and costs incurred in this action. U.S. Bank may file an affidavit for fees and costs incurred in connection with this action including publication and sale of the Property to be filed with the report of sale.

WHEREFORE, it is hereby expressly directed that entry of Judgment of Foreclosure and an Order for Sale on U.S. Bank's Second Amended Complaint be made in favor of U.S. Bank, and it is further

ORDERED that if the Estate does not pay U.S. Bank the amount of the total of the debt herein specified, together with subsequently accrued arrears, interest, costs and fees to date of

---

[1] In June 2008, First National Bank of Arizona merged into First National Bank of Nevada. Second Am. Compl. ¶ 12 (Doc. 34); Ans. ¶ 12 (Doc. 46). In July 2008, the FDIC was appointed as Receiver of the First National Bank of Nevada. Second Am. Compl. ¶ 13 (Doc. 34); Ans. ¶ 13.  See also F.D.I.C. v. Halpern, No. 2:08-CV-01571-PMP-GWF, 2012 WL 5288055, at *1 (D. Nev. Oct. 24, 2012) (finding that First National Bank of Arizona merged with First National Bank of Nevada and the Office of the Comptroller of the Currency appointed the FDIC its Receiver).
[2] Bankruptcy Estate of John B. Everest v. Bank of America, N.A., 2015 ME 19, ¶ 24, 111 A.3d 655, 663 (answering a certified question from the United States Bankruptcy Court for the District of Maine).

payment, within ninety (90) days of the date hereof, then U.S. Bank, its successors and assigns, shall be entitled to exclusive possession of the Property, issuance of a writ of possession thereon, and U.S. Bank may sell the subject Property in accordance with 14 M.R.S. § 6323, and disburse the proceeds of sale,

    FIRST, to the costs and expenses of sale;

    SECOND, to payment of U.S. Bank's attorneys' fees and costs as may be approved by this Court upon application made in conjunction with the report of sale;

    THIRD, to U.S. Bank, to satisfy the total claim due on the Mortgage through the date of sale;

    FOURTH, in the event there is a surplus over the preceding amounts, to the Estate.

If the Estate and all those claiming through it have not vacated the Property upon expiration of the statutory 90-day redemption period, and if they shall not have by that date redeemed the Property in accordance with this Judgment and Order and applicable statute, a Writ of Possession shall be issued upon request to U.S. Bank against the Estate and all other occupants, for possession of the Property if not redeemed as aforesaid.

In the event that U.S. Bank conducts a sale in accordance with 14 M.R.S. § 6323, the foreclosure deed conveys the Property free and clear of the Mortgage and Second Mortgage.

In the event that U.S. Bank conducts a sale in accordance with 14 M.R.S. § 6323, U.S. Bank waives any and all rights to seek a deficiency from the Estate.

The names and addresses of all parties to the action and their counsel (if any) are as follows:

| Party | Counsel |
| --- | --- |

| | |
|---|---|
| Plaintiff | Adam J. Shub, Esq.<br>Preti, Flaherty, Beliveau & Pachios, LLP<br>One City Center/PO Box 9546<br>Portland ME  04112-9546 |
| Defendant | Thomas A. Cox, Esq.<br>P.O. Box 1314<br>Portland, ME 04104 |
| Party-in-Interest | N/A |

The real estate which is the subject of this foreclosure action is situated at 6 Michaud Avenue, Old Orchard Beach, Maine and is described in the Mortgage recorded in the York County Registry of Deeds in Book 15067, Page 391.  A true copy of the description of the Property is attached hereto as **Exhibit A**.

This Judgment of Foreclosure and Order of Sale is a final judgment upon entry as the Estate has waived any and all rights to appeal and to file post-judgment motions. U.S. Bank shall record an attested copy of this Judgment of Foreclosure and Sale and Order in the York County Registry of Deeds, and shall be responsible for recording costs associated therewith.

**SO Ordered.**

Dated this 26th  day of October, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE